[Civ. No. 8464.   Second Appellate District, Division Two.—July 19, 1934.]

STANLEY B. FISH, Respondent, v. LA FON SYSTEM OF OUTDOOR ADVERTISING (a Corporation) et al., Appellants.

Marshall Stimson and Noel Edwards for Appellants.

Loeb, Walker & Loeb and Herman F. Selvin for Respondent.

ARCHBALD, J., *pro tem.*—From a judgment of $3,000 in plaintiff's favor defendants have appealed.  ▉  The sole question is the sufficiency of the evidence to justify the following finding made by the trial court: "On March 28, 1930, Restop Realty Company and/or Foster & Kleiser paid to defendant La Fon System, Ltd., a corporation (formerly known as La Fon System of Outdoor Advertising, a corporation), and said defendant received for the account and use of one Kent Parrot the sum of Three Thousand Dollars ($3,000.00)."   Said Parrot was plaintiff's assignor.

The evidence is undisputed that an option was given to one Allen to sell the outdoor advertising business of defendant La Fon System, Ltd., that such option was not taken up but that Allen entered into negotiations with Foster & Kleiser for the purchase of said business and that they reached the point where the president of said defendant corporation agreed to accept the sum of $220,000 for said business, with the understanding that $3,000 additional

would be added to the purchase price by the buyer, which sum, however, was to be paid over to Parrot by said defendant as his commission on the deal, instead of being paid directly to him by the purchaser. In other words, the sum of $58,000, which included such commission, was to be paid in cash, and the balance of $165,000, represented by promissory notes, to be paid as follows: $55,000 on or before October 1, 1930, $55,000 on or before January 1, 1931, and $55,000 on or before April 1, 1931, with interest at seven per cent. Objection was made to such proposed deal by the secretary-treasurer of said defendant, Wm. L. Stevens. There is evidence supporting the conclusion, however, that the original deal was not abandoned but that the objections of Mr. Stevens were ironed out and the original deal "afterwards concluded by Mr. W. L. Stevens, our secretary and treasurer"—as Mr. La Fon, president of the corporation, testified. Mr. Stevens himself testified that Mr. La Fon told him that the original offer included $3,000 to be paid Mr. Parrot, and the evidence shows that such arrangement was not included in the objections he made to the first deal. It is very significant, in view of such testimony, that the only change in the purchase price was the payment of the entire amount in cash, in which a deduction of two per cent was made, viz., $3,300, on the deferred payment of $165,000 originally proposed, making the total paid under the contract finally executed, $219,700. The first draft of the proposed contract arranged through Mr. Allen with the consent of Mr. La Fon, as well as the final draft executed, is silent as to said $3,000, but the evidence admitted without objection shows that the purchase price of the business agreed upon in the first instance was $220,000, and in the final agreement, by reason of the cash payment, this was reduced to $216,700. In other words, $3,000 more than the agreed consideration for the purchase was paid appellant, and in our opinion there is evidence supporting the finding made by the court that the sum of $3,000 was paid and received by said defendant for the account and use of plaintiff's assignor. There is other evidence, it is true, supporting the contrary conclusion, but the conflict was determined by the trial court and such determination is binding upon us.

Judgment affirmed.

Craig, Acting P. J., and Desmond, J., concurred.